FILED
CLERK

12/4/2025 11:13 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------
UNITED STATES OF AMERICA,

     -against-                        ORDER
                                      No. 18-CR-0606 (JS)
JOHN GAMBLE,

          Defendant.

---------------------------------

APPEARANCES

For Defendant:       Glenn Obedin, Esq.
                     Obedin & Weissman, LLP
                     The Courthouse Corporate Center, Suite 4200
                     320 Carleton Avenue
                     Central Islip, New York  11722

For United States:   Michael R. Maffei, Esq.
                     United States Attorney's Office
                     Eastern District of New York
                     610 Federal Plaza
                     Central Islip, New York  11722
```

SEYBERT, District Judge:

Presently before the Court is the counseled letter motion of Defendant John Gamble ("Defendant") seeking early termination of his five years of supervised release (hereafter, the "Motion"). (See ECF No. 602.) The Government opposes the Motion. (See Opp'n, ECF No. 604.) For the reasons stated herein, the Motion is DENIED.

## BACKGROUND

The Court presumes the reader's familiarity with the background of this case. However, for the reader's convenience,

the Court provides the following summary. After the January 2018 launch of a joint investigation by the Federal Bureau of Investigation and the Suffolk County East End Drug Task Force into narcotics trafficking and gang activity on the East End of Long Island, it was revealed Defendant conspired with others to distribute heroin in and around the Riverhead, New York area. (See Presentence Report ("PSR"), ECF No. 252 (sealed), ¶¶3-5.) During the investigation, law enforcement conducted several controlled purchases of heroin, cocaine, and crack cocaine from Defendant, which occurred at Defendant's residence. (See id. at ¶¶17-18.)

On January 31, 2020, Defendant pled guilty to the lesser-included charge of Count 18 of the subject Indictment, i.e., conspiring to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(B)(i). (See Jan. 31, 2020 Minute Entry, ECF No. 178; PSR at ¶1.) Thereafter, on August 12, 2021, Defendant was sentenced to 66 months' imprisonment and five years' supervised release. (See Judgment, ECF No. 361.)

Defendant was released from Bureau of Prisons ("BOP") custody on July 21, 2023, at which time he began his supervised release. See Fed. Bureau of Prisons: Find an Inmate, John Gamble (BOP Reg. No. 91247-053), https://www.bop.gov/inmateloc/ (last visited Dec. 4, 2025) (stating Defendant "Not in BOP Custody as of: 07/21/2023"). In seeking early termination of his supervised release, Defendant states he "has now served approximately 50

percent of his five-year term of post-release supervision" and "[t]hroughout this period, . . . has been fully compliant in all respects." (Motion at 2.) Further, Defendant asserts his supervising Probation Officer "has no opposition" to the Motion. (Id.) He does not elaborate further. (See id.)

In opposition,[1] the Government argues "being fully compliant with conditions of supervision does not rise to the level of 'exceptionally good behavior' and nor does it warrant early termination of [Defendant's] supervision." (Opp'n at 2.) For the reasons stated infra, the Court agrees.

## DISCUSSION

I. Applicable Law

It is well-established a court has discretion to "terminate a term of supervised release and discharge a defendant 'at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" United States v. Melvey, No. 07-CR-0055, 2018 WL 6624193, at *1 (E.D.N.Y. Dec. 18, 2018) (quoting 18 U.S.C. § 3583(e)(1); citing United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)); see also United States v. McKay, 352 F. Supp.2d 359, 360-61 (E.D.N.Y.

---

[1] The Court notes that, while he was given the opportunity to do so, Defendant did not file a Reply to the Government's Opposition. (Compare Oct. 21, 2025 Elec. Briefing Schedule Order, with Case Docket, in toto.)

2005); United States v. Andrew, No. 22-CR-0032, 2025 WL 1004752, at *2 (E.D.N.Y. Apr. 2, 2025).  In exercising this discretion, the court must consider Section 3553(a) Factors.  See 18 U.S.C. § 3583(e)(1); see also United States v. Scarpa, No. 18-CR-0123, 2024 WL 1886681, at *1 (E.D.N.Y. Apr. 30, 2024); Melvey, 2018 WL 6624193, at *2 ("When determining whether to grant such an application, the Court also must consider the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6).  These factors are also weighed by the Court in determining the initial sentence." (citing § 3583(e)(1); Lussier, 104 F.3d at 36 (stating court must consider certain factors in Section 3553(a) before permitting early termination of a term of supervised release))).  "[A] statement that the district court has considered the statutory factors is sufficient." United States v. Parker, No. 21-CR-0341, 2025 WL 1635971, at *3 (E.D.N.Y. June 9, 2025) (citation modified).

"Early termination is not, however, 'warranted as a matter of course'."  United States v. Rosario, No. 17-CR-0027, 2023 WL 7305260, at *2 (S.D.N.Y. Nov. 6, 2023) (quoting United States v. Bastien, 111 F. Supp. 3d 315, 321 (E.D.N.Y. 2015); further citation omitted)); Parker, 2025 WL 1635971, at *2 (same).  Rather, "'[f]ull compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.'"

Bastien, 111 F. Supp. 3d at 321 (quoting United States v. Fenza, No. 03-CR-0921, 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013)); see also Andrew, 2025 WL 1004752, at *3 (denying early release from supervised release; while commending defendant for "complying with the conditions of his current supervision and for his overall progress since being released from custody", stating "such compliance is expected of one under supervision" (collecting cases)). Indeed, as the Second Circuit explained in Lussier, "early termination is not warranted as a matter of course; on the contrary, it is only 'occasionally' justified due to 'changed circumstances' of a defendant, such as 'exceptionally good behavior.'" United States v. Osorio, No. 11-CR-0524, 2016 WL 4098589, at *1 E.D.N.Y. July 27, 2016); Melvey, 2018 WL 6624193, at * 2 (same); see also McKay (stating "[c]hanged circumstances that justify early termination include a defendant's exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals"). "It is [the defendant's] burden to show that such early termination is appropriate." Scarpa, 2024 WL 1886681, at *1.

II. Application

Defendant has not met his burden of showing early termination of his supervised release is warranted. His bald statement of compliance falls well short of demonstrating, e.g.,

exceptionally good conduct, or that granting the requested early termination would be in the interest of justice. See 18 U.S.C. § 3583(e)(1); cf. Parker, 2025 WL 1635971, at *2 (collecting cases where courts have granted motions for early termination in light of defendants' rehabilitative efforts and exceptionally good conduct), and at *4 ("Even in cases where individuals have fully complied with the terms of their supervised release, courts have found that such conduct does not amount to 'exceptionally good behavior' as to render the conditions of their supervised release 'too harsh or inappropriately tailored to . . . the general punishment goals of [S]ection 3553(a).'" (quoting Lussier, 104 F.3d at 36; collecting cases)).  Yet, it is his burden to do so. See Scarpa, 2024 WL 1886681, at *1.  Hence, given the inadequacies of Defendant's Motion, i.e., his failure to present facts and circumstances demonstrating "exceptionally good behavior", the Court finds consideration of the relevant Section 3553(a) Factors (see Opp'n at 3) continue to require supervised release.  Simply put:  Without more, post-incarceration conduct which is unblemished is an "insufficient reason to terminate . . . supervised release since, if it were, the exception would swallow the rule." McKay, 352 F. Supp.2d at 361 (quoting United States v. Medina, 17 F. Supp.2d 245 (S.D.N.Y. 1998)); see also Melvey, 2018 WL 6624193, at *2 (same); Osorio, 2016 WL 4098589, at *2 (same).

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion (ECF No. 602) is **DENIED** in its entirety without prejudice.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December 4, 2025
       Central Islip, New York